UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: _____

| | |
|---|---|
| FLIP FACE U.S.A., LLC and FLIP FACE, INC., | *Action Pending in the Northern District of Georgia* |
| Plaintiff, | Case No. 1:15-cv-00883-MHC (Cohen, J.) |
| v. | |
| ALEXANDRIA MOULDING, INC., MOULURE ALEXANDRIA MOULDING, INC., | |
| Defendant. | |

**NON-PARTY HOME DEPOT U.S.A., INC.'S MOTION TO TRANSFER, MOTION TO QUASH, AND REQUEST FOR RELATED FEES AND EXPENSES**

Non-Party Home Depot U.S.A., Inc. ("Home Depot"), pursuant to Federal Rule of Civil Procedure 45, (i) seeks to quash Flip Face U.S.A., LLC and Flip Face, Inc.'s subpoena *duces tecum* to Home Depot to produce documents and electronically stored information, and (ii) seeks to transfer adjudication of the Motion to Quash to the Northern District of Georgia—the court in which the above referenced litigation is pending, which adjudicated a prior litigation involving related issues, and which has already dealt with related discovery issues. For all the reasons set forth in the accompanying Memorandum, Home Depot respectfully requests that the Court grant this Motion and award Home Depot the fees and costs it has incurred in responding to the subpoena and moving to quash.

**MEMORANDUM OF LAW IN SUPPORT**

Non-Party Home Depot U.S.A., Inc. ("Home Depot") (i) seeks to quash plaintiffs Flip Face U.S.A., LLC and Flip Face, Inc.'s (collectively "Flip Face") vastly overbroad and unduly burdensome thirty-nine (39) request subpoena *duces tecum* to Home Depot to produce documents and electronically stored information (the "Subpoena"), pursuant to Fed. R. Civ. P. 45(d), and (ii) seeks to transfer adjudication of the instant motion to the Northern District of Georgia ("NDGA") – the Court in which the action is pending, which has already dealt with related discovery issues, and which adjudicated a now-settled, *two year long* related dispute between Flip Face and Home Depot – pursuant to Fed. R. Civ. P. 45(f).[1]

Indeed, the Subpoena is a blatant attempt to rehash issues from Flip Face's prior litigation with Home Depot that have been fully settled, released and dismissed, and to embark on an impermissible (and futile) fishing expedition to discover new claims against Home Depot. Between 2011 and 2013, Flip Face pursued claims of patent infringement against Home Depot[2] stemming from Home Depot's marketing and sale of two-sided, reversible crown molding ("reversible crown molding"). Following extensive discovery – including Home Depot's production of *thousands* of pages of documents[3] – the parties entered into a final and definitive settlement agreement (the "Settlement Agreement") extinguishing all prior discussions, negotiations and agreements in which (i) Flip Face fully released Home Depot from any and all claims and causes of action which were brought or could have been brought from the beginning

---

[1] As a threshold matter, Rule 45(f) permits transfer of subpoena-related motions to the issuing court (here, NDGA) "if the person subject to the subpoena [namely, Home Depot] consents." Here, Home Depot consents to transfer.

[2] *Flip Face U.S.A., LLC v. Home Depot U.S.A., Inc., et al.,* Civil Action No. 1:11-cv-02560-AT (N.D. Ga.) ("*Flip Face I*").

[3] Notwithstanding its obligations under the Protective Order in *Flip Face I*, Flip Face did not return or destroy Home Depot's documents containing Confidential Information following settlement.

of time to the present, (ii) Flip Face dismissed the litigation *with prejudice*, and (iii) Home Depot made no admission of liability.  No claim has been made – nor could be made – that non-party Home Depot breached the Settlement Agreement by selling reversible crown molding again after the agreement's effective date.  Yet Flip Face has now propounded numerous overly broad and burdensome Subpoena requests which are wholly irrelevant to its claims pending against the Alexandria entities, and which instead seek to impermissibly reopen broad-based discovery against Home Depot and its other vendors.  This Court should not sanction this discovery misconduct, should quash the Subpoena in its entirety, and should award non-party Home Depot the attorneys' fees and expenses it has incurred in responding to the Subpoena and compiling this Motion, consistent with Fed. R. Civ. P. 45(d)(1).

## FACTUAL BACKGROUND

This Subpoena derives from a pending litigation in the NDGA between Flip Face, on the one hand, and defendants Alexandria Moulding, Inc. and Moulure Alexandria Molding, Inc. (collectively "Alexandria"), on the other, in which Flip Face has alleged, among other claims, that Alexandria breached the Settlement Agreement entered into in *Flip Face I,* and committed patent and trademark infringement by selling reversible crown molding after the Settlement Agreement's effective date in July 2013 ("*Flip Face II*").  *See* Declaration of Nicholas G. Papastavros ("Declaration") at ¶ 2, Ex. 1.  The prior litigation, *Flip Face I*, was brought against Home Depot in 2011 and alleged that Home Depot's marketing and sale of reversible crown molding infringed multiple Flip Face patents.  *Id.*, Ex. 1 at ¶¶ 19-23.  After two years of litigation in *Flip Face I*, Flip Face, Home Depot and Home Depot's vendors which sourced the reversible crown molding (including Alexandria) entered into an omnibus settlement agreement in July, 2013 which resolved all disputes among the parties, released Home Depot and dismissed the litigation *with prejudice.  Id.*, Ex. 1 at Ex. A.  Pursuant to the terms of the Settlement Agreement,

3

Home Depot and its vendors agreed to cease selling reversible crown molding, which obligation Home Depot has abided by entirely since that point in time. *See id.*, Ex. 1 at ¶ 25. The Settlement Agreement also contained a standard merger clause, which provides, in pertinent part, that the terms and conditions of the Settlement Agreement (including the releases contained therein) superseded all prior negotiations, understandings, discussions and agreements. *See id.*, Ex. 1 at Ex. A, ¶ 8.1.

Flip Face and Alexandria are in the midst of discovery in *Flip Face II*, and have requested that the court adjudicate discovery disputes on a number of issues. On September 24, 2015, Judge Mark Cohen from NDGA presided over a hearing in *Flip Face II* regarding the relevance of—and the extent to which Flip Face may seek— discovery into Alexandria's pre-settlement documents and communications. *See* Declaration at ¶ 3, Ex. 2. During that hearing, the court stated, in part:

> What I'm not going to let plaintiff do is to basically say, [w]ell we are going to go back and now put Alexandria Moulding in the original lawsuit and do all the discovery we would have done had they been in it back then and we didn't have a settlement agreement. That's not going to happen.

The court continued:

> Now, the only thing I would say is, once again, there are a lot of things that are said during settlement negotiations. The question becomes, though, is there evidence to show that whatever day that settlement agreement was signed in July of 2013, is there evidence to show that back in June or April or earlier that year, that there was going to be some conspiracy or whatever word you want to use between Alexandria and others to basically say we are going to continue to sell this product regardless of what we agreed in the settlement agreement. So, you know, the fact that somebody may have said back in February of that year, well, we have stopped, and then there were three more orders that were done in April, you know, that's not going to make your case. What's going to make your case is they continued to sell in July after the agreement… But, again if there was all this stuff going on before July 2013 and then it stopped the day after the settlement agreement and you can't show that they violated it afterwards, what's the difference?

*Id.* at Ex. 3, 16:3-11, 22:8-23:25.

Following the September 24 conference and Alexandria's production of pre-settlement and post-settlement documents, Flip Face served Home Depot with the Subpoena on November 17, 2015, requesting compliance at Flip Face's counsel's offices in Fort Lauderdale. Declaration at ¶ 4, Ex. 3. Although Home Depot operates stores within 100 miles of the place of compliance, the documents and electronically stored information sought by the Subpoena would be located at Home Depot's corporate headquarters in Atlanta, Georgia (where *Flip Face II* is also pending). The Subpoena to non-party Home Depot contains thirty-nine (39) separate requests, many of which seek documents dating back to October 6, 2011 (more than *twenty months* before the Settlement Agreement was executed) and constitute brazen attempts to rehash issues raised, litigated, and released in *Flip Face I*. For example, the Subpoena seeks, among other irrelevant documents:

- Any and all correspondence between Flip Face and Home Depot from 10/6/11 to present (Request No. 1)

- Any and all internal correspondence and documents referring to, or that regard the sale or other disposition of reversible crown molding from 10/6/11 to 7/7/13 (Request No. 22)

- All purchase orders for any reversible crown molding products from 10/16/11 to 7/7/13 (Request No. 28)

- Documents sufficient to show any and all consumer requests or inquiries regarding the sale or offering for sale of reversible crown molding from 10/6/11 to present (Request No. 33)

- Documents reflecting the amount of reversible crown molding inventory you had or have from 10/6/11 to present (Request No. 34).

In addition, the Subpoena seeks documents relating to Home Depot's disposition of reversible crown molding *unrelated in any way to Alexandria and the claims pending against it in Flip Face II*, to wit:

- Correspondence and agreements between Home Depot and *any reseller, distributor, or installer* referring to, or that regard the sale or other disposition of reversible crown molding from 10/6/11 to present (Request No. 6)

- Documents that refer to what Home Depot intended to do, and/or were directed to do, with *any reversible crown molding in their inventory* between 10/6/11 to today (Request No. 11)

- Documents that refer to what Home Depot did with *any reversible crown molding in their inventory* between 10/6/11 to today. (Request No. 15)

- Documents that refer to why any reversible crown molding inventory in your possession, custody or control between 10/6/11 to today was used, sold, or given away (Request No. 17)

- Any and all correspondence and documents between Home Depot and *any third party* referring to, or that regard the sale or other disposition of reversible crown molding from 10/6/11 to present (Request No. 21).

On December 2 and 8, 2015, Home Depot and Flip Face met and conferred regarding the scope of the Subpoena. *See* Declaration at ¶ 5. Home Depot expressed concern about the breadth of the subpoena, but offered to compromise and produce documents (if any) that post-dated the July 7, 2013 settlement and concerned Alexandria and its disposition of reversible crown molding. Counsel for Flip Face rejected Home Depot's offer of compromise out of hand.

## ARGUMENT

**I.  MOTION TO TRANSFER[4]**

Under Federal Rule 45(f) as amended in 2013, this Court is specifically empowered to transfer motions to quash to the issuing court (here, NDGA) where either "the person subject to the subpoena consents or the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). Here, Home Depot not only consents to the transfer, but affirmatively requests this relief. *See San*

---

[4] Federal Rule 45 requires a motion to quash to be filed in the court for the district "where compliance is required." Here, because Flip Face identifies Fort Lauderdale, Florida as the compliance location, Home Depot is filing in this District even though the subpoena was issued by the Northern District of Georgia. *See Narcoossee Acquisitions, LLC v. Kohl's Dep't Stores, Inc.*, No. 6:14-CV-203-ORL-41TBS, 2014 WL 4279073, at *1 (M.D. Fla. Aug. 28, 2014).

6

*Juan Cable LLC v. DISH Network LLC*, No. 14-MC-00261-RM-MJW, 2015 WL 500631, at *1 (D. Colo. Jan. 23, 2015) ("Here, [the non-party] has not only consented but has affirmatively requested transfer. Thus, the Court need not consider whether the case presents 'exceptional circumstances.' It is enough to note that the requested transfer does not appear to be frivolous or made in bad faith.").[5] In *San Juan Cable*, the District of Colorado granted the subpoenaed non-party's request to transfer to the district where the underlying action was pending even though (*unlike* Home Depot) that non-party was headquartered in the place listed on the subpoena for compliance. *Id.* There, the court noted that "[t]he issuing court is already weighing very similar questions of relevance and undue burden in [another] motion and it makes eminent sense for that court to resolve both… motions together." *Id.* Here, NDGA presided over *Flip Face I*, is presiding over *Flip Face II*, and has already heard and addressed discovery disputes regarding nearly identical categories of documents as those set forth in the Subpoena. *See* Declaration at ¶ 3, Ex. 2. It makes "eminent sense" for NDGA to address these issues.

Moreover, Home Depot's request is made in good faith and comports with the policy underlying Rule 45, as revised in 2013. The "place of compliance" filing requirement set forth

---

[5] Because Home Depot consents to transfer, this Court need not consider whether "exceptional circumstances" exist. *Id.* Nevertheless, should the Court reach this issue, such circumstances are undoubtedly present here. The NDGA has already considered argument on issues that are virtually identical to those presented by the case at bar, including the relevance of—and extent to which Flip Face may seek— discovery into pre-settlement documents and communications concerning Alexandria's alleged intent to sell reversible crown molding post-settlement. *See* Declaration at ¶ 3, Ex. 2. Where, as here, the issuing court has addressed similar issues in the underlying litigation, judicial efficiency and the need for consistent rulings warrant transfer. *See, e.g. Parker Compound Bows, Inc. v. Hunter's Mfg. Co. Inc.*, No. 5:15-MC-00064, 2015 WL 7308655, at *2 (N.D. Ohio Nov. 19, 2015) ("The Western District of Virginia has dealt with an array of discovery issues in this case already. In doing so, that Court has developed an understanding of the factual predicates implicated in this motion to quash. Second, the issuing court's expertise is particularly valuable here because this motion is complex, and raises a number of interlocking issues from the underlying litigation."); *Cont'l Auto. Sys., U.S., Inc. v. Omron Auto. Elecs., Inc.*, No. 14-C-3731, 2014 WL 2808984, at *2 (N.D. Ill. June 20, 2014).

in revised Rule 45 is designed to protect the interest of the non-party that does not do business in the issuing court's jurisdiction -- an issue not present here, given that Home Depot's principal place of business is in Atlanta, GA. *See* Fed. R. Civ. P. 45(f) Advisory Committee Notes (2013) (clarifying that the recent revisions to Rule 45, which include the addition of subsection (f), aim to protect a non-party's interest in the local resolution of disputes and stating that "[t]he prime concern should be avoiding burdens on local nonparties subject to subpoenas"); *Woods ex rel. U.S. v. SouthernCare, Inc.*, 303 F.R.D. 405, 407 (N.D. Ala. 2014) ("[t]he Committee's reasoning is evident: local nonparties should be burdened as little as practicable by litigation in which they are not involved, and local resolution of the motion will typically impose a lighter burden.") Pursuant to Federal Rule of Civil Procedure 45(f), Home Depot therefore requests an order transferring adjudication of this motion to the Northern District of Georgia.

## II.     MOTION TO QUASH

Rule 45(d) requires a court to quash or modify a subpoena that "subjects a person to undue burden." Fed R. Civ. P. 45(d)(3)(iv). This squarely applies in the instant case. Flip Face's thirty-nine (39) request Subpoena is a thinly-veiled attempt to reopen discovery against Home Depot and gin up new claims for which it has absolutely no support. Indeed, Flip Face has made no attempt to narrowly tailor its Subpoena requests to seek relevant documents from non-party Home Depot that are not available from Alexandria.

### A.     Flip Face's Subpoena Must Be Quashed Because It Seeks To Reopen Discovery From *Flip Face I*, And Because The Requests Seek Documents Irrelevant To *Flip Face II*.

Courts routinely limit discovery when a party makes expansive requests that are not properly tethered to the claims in the underlying case. *Avalon Risk Mgmt. Ins. Agency v. Taylor*, No. 13-22800-CIV, 2014 WL 808156, at *3 (S.D. Fla. Feb. 28, 2014); *Am. Fed'n of State, Cty. & Mun. Employees (AFSCME) Council 79 v. Scott*, 277 F.R.D. 474, 476-78 (S.D. Fla. 2011);

*accord Wolfe v. Glasgow*, No. 308-CV-813-J-25TEM, 2009 WL 1956687, at *1 (M.D. Fla. July 7, 2009) ("The somewhat limited case law concerning non-party production of discovery materials reveals there is a case-specific balancing test wherein the court must weigh factors such as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by the request and the particularity with which the documents are described against the burden imposed on the person ordered to produce the desired information… the status of the person as a non-party is a factor often weighing against disclosure.") (citing *Farnsworth v. Proctor & Gamble Co.*, 758 F.2d 1545 (11th Cir. 1985)); *Alig-Mielcarek v. Jackson*, 286 F.R.D. 521, 528 (N.D. Ga. 2012) (narrowing plaintiffs overbroad requests where a "[p]laintiff has made many requests that are not limited to the relevant time period at issue, nor has she made any effort to limit her request to those records containing information relevant to her claims in this case").

The gravamen of Flip Face's case against Alexandria is that Alexandria's alleged marketing and sale of reversible crown molding following execution of the Settlement Agreement in July 2013 violates the Settlement Agreement and infringes Flip Face's intellectual property rights.  Home Depot has expressed willingness to produce documents, if any exist, that post-date the Settlement Agreement and directly concern these issues.  Yet Flip Face's Subpoena against Home Depot instead focuses largely on documents from the timeframe when *Flip Face I* was being litigated – indeed, at least 20 of the 39 Subpoena requests seek documents going back to October 2011, a full *twenty months* before execution of the Settlement Agreement.  To cite perhaps the most egregious examples, Flip Face requests correspondence and documents regarding the sale or disposition of reversible crown molding *exclusively predating* execution of the Settlement Agreement – *from October 2011 to July 2013*.  *See* Declaration at ¶ 4, Ex. 3,

9

Request Nos. 22 and 28 (purchase orders and other documents regarding the sale or disposition of reversible crown molding before July 2013). The merger clause, releases and dismissal *with prejudice* from the *Flip Face I* settlement fully extinguished any and all claims from this era, and non-party Home Depot should not be subjected to harassing and duplicative requests now. And to the extent some very limited set of pre-settlement documents allegedly relate to Flip Face's claims against Alexandria in *Flip Face II*[6], those documents would be available from, and have already been sought from, the correct source: defendant Alexandria. *See Aeritas, LLC v. Delta Airlines, Inc.*, No. 11-CV-00969-SLR, 2013 WL 454452, at *2 (N.D. Ga. Feb. 7, 2013) ("[h]ad there been no agreement, the Court would have modified the subpoena in an identical manner, because much of what is sought from non-party NCR should be available from one or more of the defendants in the underlying lawsuits…")

    Flip Face knows full well that its Subpoena requests are unduly burdensome for a Fortune 50 retailer like non-party Home Depot with numerous potential document custodians, and knows full well that these requests have the potential to generate a significant production of predominantly irrelevant documents, yet it made little attempt to tailor the requests to what is in dispute here. This militates strongly in favor of this Court quashing the Subpoena in its entirety. *See United Techs. Corp. v. Mazer*, No. 05-80980-CIV, 2007 WL 788877, at *2 (S.D. Fla. Mar. 14, 2007) (finding a request to a party that was no longer a defendant in that litigation overbroad and unduly burdensome where the documents were not necessary for the plaintiff to prove its remaining claims and "it is difficult to conceive of the nature or amount of documentation [the non-party] would have to produce to respond").

---

[6] Note that Alexandria has filed a Motion for Judgement on the Pleadings on Flip Face's fraud claim, which remains pending.

> **B.      Flip Face's Subpoena Should Be Quashed Because It Constitutes A Clear Cut Fishing Expedition To Discover New Claims Against Home Depot.**

It is well established that non-party subpoenas which do not include narrowly tailored requests to the issues currently in dispute—but instead embark on a fishing expedition in a farfetched attempt to support new claims—are wholly impermissible. *Park W. Radiology v. CareCore Nat. LLC*, 547 F. Supp. 2d 320, 322-23 (S.D.N.Y. 2008) (adopting a magistrate judge's order denying third party discovery where "the discovery demand strikes the Court as more like a fishing expedition" into "broad allegations and speculation about third-party offenses [d]efendants assert and hope to find corroborative evidence [for]"); *E.E.O.C. v. S. Haulers, LLC*, No. CIV. A. 11-00564-N, 2012 WL 1768064, at *4 (S.D. Ala. May 17, 2012) ([q]uashing subpoena because overly broad requests could not be justified by the "mere possibility" that defendants might "fish out" admissible evidence).

Flip Face's Subpoena includes numerous requests which focus on Home Depot's *independent actions* and relations with vendors *other than* Alexandria, rather than on the claims pending in *Flip Face II*.  As a general matter, a plaintiff is not entitled to manipulate the third party discovery process to investigate whether it can shore up claims against a non-party.  The NDGA court has already made this crystal clear in the September hearing in *Flip Face II*.  *See* Declaration at ¶ 3, Ex. 2 at 22-23 ("[The question is,] is there evidence to show that back in June or April or earlier that year, that there was going to be some conspiracy or whatever word you want to use *between Alexandria and others* to basically say we are going to continue to sell this product regardless of what we agreed in the settlement agreement.").  So *Alexandria's* disposition of reversible crown molding post-settlement and related actions are relevant in the underlying litigation, but *Home Depot's* relations with other parties and disposition of crown molding *not* sourced from Alexandria is not.  Yet at least <u>25</u> of the 39 Subpoena requests concern

11

Home Depot's own actions regarding reversible crown molding and seek correspondence and documents between Home Depot and its *other* resellers, distributors and other third parties. This constitutes the exact type of fishing expedition prohibited by Rule 45 and relevant case law pertaining to nonparties, and the court should accordingly award Home Depot its attorneys' fees and related costs. *See* Fed. R. Civ. P. 45(d)(1) ("[a] party or attorney responsible for issuing and serving a subpoena *must* take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required *must* enforce this duty and impose an appropriate sanction – which may include…reasonable attorney's fees – on a party or attorney who fails to comply") (emphasis added); *McMullan v. Geico Indemn. Co.,* No. 14-cv-62467, 2015 WL 2226537, *9 (S.D. Fla. May 13, 2015) (quashing overbroad and unduly burdensome non-party document subpoenas and awarding attorneys' fees incurred in moving to quash).

### III.     CONCLUSION

For the reasons stated above, Home Depot respectfully requests that this Court transfer the motion to quash to the Northern District of Georgia, which issued the Subpoena or, in the alternative, quash Flip Face's Subpoena to produce documents and electronically stored information in its entirety, and award Home Depot the fees and costs incurred in responding to the Subpoena and moving to quash, pursuant to Fed. R. Civ. P. 45(d)(1).

Dated:  December 9, 2015              Respectfully submitted,

*/s/ Jeremy T. Elman*
Jeremy T. Elman
Florida State Bar No. 37448
**DLA PIPER LLP (US)**
200 South Biscayne Boulevard, Suite 2500
Miami, FL  33131-5341
Telephone:     305.423.8500
Facsimile:      305.423.8500
jeremy.elman@dlapiper.com


Nicholas G. Papastavros
Massachusetts State Bar No. 635742
Leah S.P. Rabin
Massachusetts State Bar No. 684530
**DLA PIPER LLP (US)**
33 Arch Street, 26th Floor
Boston, MA  02110-1447
Telephone:     617.406.6000
Facsimile:     617.406.6119
nick.papastavros@dlapiper.com
leah.rabin@dlapiper.com

**ATTORNEYS FOR NON-PARTY MOVANT
HOME DEPOT U.S.A., INC.**

**LOCAL RULE 7.1 CERTIFICATION**

I hereby certify that I, counsel for Home Depot, conferred telephonically with Alexander Brown, counsel for Flip Face on December 2 and 8, 2015, and attempted in good faith to resolve the issues presented in this motion.  No agreement was reached.

*/s/ Nicholas G. Papastavros*
Nicholas G. Papastavros

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 9, 2015.

*/s/ Jeremy T. Elman*
Jeremy T. Elman